# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **AAVN, INC.,** | |
| **Plaintiff,** | |
| v. | Case No. 2:15-cv-01532 |
| **GHCL LIMITED,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

COMES NOW AAVN, Inc., Plaintiff in the above-styled cause, by and through its undersigned counsel, and hereby brings this Complaint for Injunctive Relief and Damages against the Defendant, GHCL LIMITED. In support of its claims, Plaintiff respectfully shows this Honorable Court the following:

## NATURE OF THE ACTION

1. This is a civil action at law and in equity for patent infringement, arising under the U.S. Patent Act.

2. Plaintiff, AAVN, Inc., seeks to enforce its rights under the U.S. Patent Act, 35 U.S.C. §§ 271 *et seq.*, in order to recover compensatory and other damages arising out of Defendant's infringement of AAVN's U.S. Patent 9,131,790.

## THE PARTIES

3. Plaintiff, AAVN, Inc., ("AAVN" or "Plaintiff") is a corporation organized and existing under the laws of the State of Texas and having a principal place of business located at 1401 North Central Expressway, Suite 370, in Richardson, Texas 75080.

4. Defendant, GHCL LIMITED ("GHCL" or "Defendant"), is a company organized and existing under the laws of the Republic of India, having an office located at B-38, Institutional Area, Sector-1, Noida, Uttar Pradesh 201 301 INDIA. Service of process may be effectuated pursuant to The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, or at any other place and by any other means proper under Texas law or under the Federal Rules of Civil Procedure.

## JURISDICTION AND VENUE

5. This action for patent infringement arises under the patent laws of the United States, Title 35 of the U.S. Code. This Court has subject matter jurisdiction over causes of action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400, because GHCL has transacted business in this judicial district, and because GHCL has committed and/or induced acts of patent infringement in this judicial district.

7. Defendant, GHCL, is subject to this Court's general and specific personal jurisdiction pursuant to due process and/or the Texas Long-Arm Statute, and at least because GHCL conducts substantial business in this district, including (1) committing at least a portion of the infringing conduct alleged here, and (2) regularly doing, transacting, or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals and businesses in the State of Texas and within this judicial district.

## COUNT ONE:  INFRINGEMENT OF U.S. PATENT 9,131,790

8. Plaintiff AAVN is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,131,790 ("the '790 patent") entitled *Proliferated Thread Count of a*

*Woven Textile By Simultaneous Insertion Within a Single Pick Insertion Event of a Loom Apparatus Multiple Adjacent Parallel Yarns Drawn from a Multi-Yarn Package*." The '790 patent issued on September 15, 2015.  A true and correct copy of the '790 patent is attached as **Exhibit A**.

9. Defendant GHCL has been and is now directly infringing and/or indirectly infringing by way of inducing infringement by others and/or contributing to the infringement of the '790 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other conduct, making, using, importing, offering to sell, and/or selling one or more products or processes covered by one or more claims of the '790 patent, to the injury of AAVN. Defendant GHCL is directly infringing, literally infringing, and/or infringing the '790 patent under the doctrine of equivalents.  Defendant GHCL is thus liable for infringement of the '790 patent, pursuant to 35 U.S.C. § 271.

10. To the extent any marking was required by 35 U.S.C. § 287, the Plaintiff AAVN and all predecessors in interest to the '790 patent have complied with any such requirements.

11. As a direct and proximate result of Defendant GHCL's infringement of the '790 patent, Plaintiff AAVN has suffered monetary damages and is entitled to a money judgment in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the court.  Plaintiff AAVN will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

12. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '790 patent, Plaintiff will be greatly and irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants on the Complaint and enter an order as follows:

    A.    Finding that Defendant has infringed the '790 Patent; and

    B.    Ordering Defendants to pay to Plaintiff its damages in an amount at least equal to Plaintiff's lost profits and in no event less than a reasonable royalty, plus costs and expenses, together with pre-judgment and post-judgment interest at the maximum rate allowable by law, according to proof at trial, for Defendant's infringement of the '790 Patent; and

    C.    Entering a permanent injunction enjoining and restraining Defendant and all those acting in concert with it from engaging in conduct that infringes, induces infringement, or contributes to the infringement of Plaintiff's exclusive rights in the '790 Patent; and

    D.    Granting such other and further relief, at law or in equity, as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues and claims so triable.

Dated: September 16, 2015                Respectfully submitted by:

                                        /s/ Grant A. Walsh
                                        Grant A. Walsh
                                        Texas Bar No. 24047066
                                        GWalsh@CulhaneMeadows.com
                                        CULHANE MEADOWS HAUGHIAN & WALSH, PLLC
                                        100 Crescent Court, Suite 700
                                        Dallas, Texas 75201
                                        Telephone (214) 597-2941

OF COUNSEL:
J. Scott Anderson
(*pro hac vice* application to be filed)
Georgia Bar No. 017266
SAnderson@CulhaneMeadows.com
CULHANE MEADOWS HAUGHIAN &
WALSH, PLLC
3300 Cumberland Boulevard SE, Suite 500
Atlanta, Georgia 30339-8103
Telephone (404) 806-1488
Fax (888) 909-0255

Ajay K. Mago
(*pro hac vice* application to be filed)
Texas Bar No. 24086332
CULHANE MEADOWS HAUGHIAN &
WALSH, PLLC
100 Crescent Court, Suite 700
Dallas, Texas 75201
Telephone (214) 293-6273

**Attorneys for Plaintiff,
AAVN, INC.**